**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5020**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EDDIE BECKHAM, JR., a/k/a Amun Usir Ali-Bey,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:09-cr-00012-RJC-DSC-1)

Submitted:  January 13, 2011          Decided:  March 17, 2011

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eddie Beckham, Jr., Appellant Pro Se.  William A. Brafford, Assistant United States Attorney, Mark A. Jones, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Beckham, Jr.[*] ("Appellant"), was convicted, following a jury trial, of possession of a firearm by a convicted felon. Beckham proceeded pro se below and is proceeding pro se on appeal. The district court imposed a 120-month sentence. Appellant appeals the denial of his motion to suppress evidence and he challenges his conviction. Finding no reversible error, we affirm.

During the hearing on Appellant's motion to suppress evidence, Officer Reece testified that he observed Appellant driving without wearing a seatbelt. Reece initiated a traffic stop. Appellant was talking on a cell phone as Reece approached, and Reece requested the Appellant's driver's license and registration. Appellant was agitated and asked why he was stopped. Reece obtained Appellant's license and registration, called for back up officers to assist him, explained the reason for the traffic stop, and then asked Appellant to end his phone call. Appellant refused.

Once additional officers arrived, the officers approached Appellant and ordered him to step out of the vehicle. When Appellant refused and resisted, the officers physically

---

[*] Appellant is also known as Amun Usir Ali-Bey, and in the district court was referred to, at his request, as "the Beneficiary."

removed him from the vehicle, using a taser as needed. As the officers were attempting to remove Appellant from the car, Reece observed a handgun between the driver's seat and the center console. Appellant was arrested for resisting, obstructing, and delaying a public officer and also for carrying a concealed weapon.

When given the opportunity to cross-examine the officer, or to present evidence in support of his motion to suppress, Appellant remained silent. The court then found that the officer had probable cause to stop Appellant for not wearing a seatbelt; that, upon making the traffic stop, the officers were justified, based on Appellant's behavior and demeanor, in requesting that he step out of the vehicle; and, that, by refusing, Appellant gave the officers probable cause to arrest him for resisting arrest and obstructing them in their duties. The court found that, while attempting to arrest Appellant, the officers observed the handgun in plain view. Additionally, the court found the officer's testimony to be credible, found no grounds for suppressing the evidence, and denied Appellant's motion to suppress the evidence.

This court reviews the factual findings underlying a district court's ruling on a motion to suppress for clear error, and the court's legal conclusions de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007). When evaluating the

3

denial of a suppression motion, the court construes the evidence in the light most favorable to the Government, the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

The uncontroverted evidence at the suppression hearing was that the officer observed Appellant driving his vehicle without having his seatbelt fastened. In North Carolina, an officer "may stop and issue a citation to any motorist who 'he has probable cause to believe has committed a misdemeanor or infraction.'" North Carolina v. Hamilton, 481 S.E.2d 98, 100 (N.C. App. 1997) (quoting N.C. Gen. Stat. § 15A-302(b) (2009)). North Carolina law provides that "[a]ny driver or front seat passenger who fails to wear a seat belt as required by this section shall have committed an infraction." N.C. Gen. Stat. § 20-135.2A(e) (2009). A vehicle stop is permissible if the officer has probable cause to believe a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 809-10 (1996). Thus, having seen Appellant operating a vehicle without wearing a seat belt, Officer Reece had probable cause to stop the vehicle. See Hamilton, 481 S.E.2d at 100.

The officers determined that Appellant was resisting, obstructing, or delaying them in the conduct of their duties and placed him under arrest for violating N.C. Gen. Stat. § 14-223 (2009), which prohibits resisting, obstructing or delaying a

4

public officer. Because this offense was committed in the officers' presence, the warrantless arrest was not in violation of the Fourth Amendment. See United States v. Watson, 423 U.S. 411, 424 (1976).

Viewing the evidence in the light most favorable to the Government, Uzenski, 434 F.3d at 704, we hold that the district court did not err in finding that probable cause existed to stop the vehicle and to arrest Appellant. In the course of the arrest, the firearm was observed in plain sight. The district court correctly ruled that there was no basis for suppression of that evidence. Thus, the district court properly denied Appellant's motion to suppress evidence.

Next, Appellant asserts a violation of double jeopardy because he was indicted on the federal charge of possession of a firearm by a convicted felon after the state had filed the same charge against him. There is no double jeopardy violation when two separate sovereigns — the United States and the State of North Carolina — prosecute an individual for the same offense. See Heath v. Alabama, 474 U.S. 82, 89 (1985) (applying separate sovereign exception); Rinaldi v. United States, 434 U.S. 22, 28 (1977) ("[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act.").

Appellant asserts that the district court denied him the right to subpoena witnesses and therefore denied him the

5

right to present a defense. Appellant had requested that the court issue blank subpoenas to him at government expense. The magistrate judge denied the request, noting that Appellant had not been found to be indigent and therefore was not entitled to issuance of subpoenas at government expense. Appellant did not challenge this ruling and did not issue any subpoenas at his own expense. Because Appellant fails to identify any potential witness he was denied or what the witness's testimony would have been, and because the only witnesses to the events leading to Appellant's arrest were the officers and the Appellant, he has not shown any plain error. See United States v. Olano, 507 U.S. 725, 732 (1993) (providing standard).

Appellant next asserts that Officer Reece committed perjury when testifying that, after he initiated the traffic stop, he observed Appellant lean "toward the center console as if hiding something." This evidence was presented to the district court during the suppression hearing and the court found it credible. This court accords great deference to the district court's credibility determinations. See United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995). This evidence was also presented to the jury and Appellant cross-examined the officer and attempted to impeach his testimony. This court does not review the credibility of the witnesses and assumes the jury resolved all contradictions in the testimony in favor of the

Government.  United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

Appellant claims that the district court continued the trial without him present and therefore deprived him of the right to present a defense.  However, the court did allow Appellant to testify on his own behalf and present a defense. Because he was proceeding pro se, the district court afforded Appellant great latitude in the presentation of his evidence; however, when Appellant became belligerent and disrespectful to the court during the conference on jury instructions, he was removed from the courtroom.  The district court then gave Appellant numerous opportunities to return to the courtroom for closing arguments.  Appellant refused to return unless the court dismissed the charge against him and awarded him $50,000 in damages.  The court also gave Appellant the opportunity to participate remotely, and he refused to do so.

While an accused "has a constitutional right to be present in the courtroom at every stage of his trial, [ ] he may waive that right.  Diaz v. United States, 223 U.S. 442 (1912). Rule 43(b) of the Federal Rules of Criminal Procedure provides that the defendant's presence is not required when he "voluntarily absents himself after the trial has commenced." Here, by his conduct, Appellant voluntarily absented himself

from his trial.  We conclude that the district court did not abuse its discretion by continuing the trial in his absence.

We have considered Appellant's remaining claims and find no merit to them.  Accordingly, we affirm Appellant's conviction and his 120-month sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED